Ely Grinvald, Esq.
2355 Westwood Blvd., #562
Los Angeles, CA 90064
Phone: (213) 616-8172
grinvaldely@gmail.com

*Attorney for Plaintiff,*
*Tina Martinez*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TINA MARTINEZ,** | |
| **Plaintiff,** | Case No: |
| **v.** | **COMPLAINT** |
| **LVNV FUNDING, LLC, and FINANCIAL RECOVERY SERVICES, INC.** | |
| **Defendants.** | **JURY TRIAL DEMANDED** |

Plaintiff Tina Martinez, by and through the undersigned counsel, complains, states, and alleges against defendants LVNV Funding, LLC and Financial Recovery Services, Inc., as follows:

## INTRODUCTION

1.     This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (the "RFDCPA").

2.     In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 USC §§ 1692 *et seq.*, in response to the "abundant

evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

3.    Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*., § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*., § 1692k.

4.    In determining whether a collection letter violates the FDCPA, courts in the Ninth Circuit apply the least sophisticated consumer standard, "[i]f the least sophisticated debtor would likely be misled by a communication from a debt collector, the debt collector has violated the [FDCPA]." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

5.     The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against a debt collector.

6.     The California Legislature in passing the RFDCPA found that "[u]nfair or deceptive collection practices undermine the public confidence. . ." Cal. Civ. Code § 1788.1(a)(1).   "There is need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other." *Id*. at § 1788.1(a)(2).

7.     Therefore, a purpose of the RFDCPA is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts. . ." *Id*. at § 1788.1(b).

## JURISDICTION AND VENUE

8.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

9.     This court has jurisdiction over defendants LVNV Funding, LLC and Financial Recovery Services, Inc. because defendants regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

10.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)

because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

11.     Plaintiff Tina Martinez ("Plaintiff") is a natural person who is a citizen of the State of California, residing in Bakersfield, Kern County, California.

12.     Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

13.     Plaintiff is a "person" as that term is defined by Cal. Civ. Code § 1788.2.(g).

14.     Defendant LVNV Funding, LLC ("LVNV") is a company existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware.

15.     LVNV has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16.     LVNV regularly collects or attempts to collect debts asserted to be owed to others.

17.     LVNV is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.     The principal purpose of LVNV's business is the collection of such debts.

19.     LVNV uses instrumentalities of interstate commerce, including

telephones and the mails, in furtherance of its debt collection business.

20.    LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21.    LVNV is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

22.    Defendant Financial Recovery Services, Inc. ("Financial Recovery") is a company existing under the laws of the State of Minnesota, with its principal place of business in Eagan, Minnesota.

23.    Financial Recovery has transacted business within this state as is more fully set forth hereinafter in this Complaint.

24.    Financial Recovery regularly collects or attempts to collect debts asserted to be owed to others.

25.    Financial Recovery is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

26.    The principal purpose of Financial Recovery's business is the collection of such debts.

27.    Financial Recovery uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

28.    Financial Recovery is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

29.    Financial Recovery is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

**FACTUAL ALLEGATIONS**

30.    LVNV is one of the "Resurgent Companies," which is a self-labeled group of at least two dozen entities, all interrelated in a complex business structure focusing primarily on the purchase and collection of consumer debt[1].

31.    In addition to LVNV, these companies include Anson Street LLC, Ashley Funding Services LLC, CACH, LLC, CACV of Colorado, LLC, East Bay Funding, LLC, East Bay Holdings, LLC, Pinnacle Credit Services, LLC, PYOD LLC, Resurgent Acquisitions, LLC, Resurgent Capital Services PR LLC ("Resurgent"), Resurgent Funding, LLC, Resurgent Receivables, LLC, Resurgent Strategic Investments, LLC, SFG REO, LLC, Sherman Acquisition LLC, Sherman Capital, LLC, Sherman Financial Group, LLC, Sherman Originator III LLC, and Sherman Originator LLC.

32.    The majority of the two dozen Resurgent Companies, including LVNV, are shell companies managed by a single individual, Bryan Faliero ("Faliero"), and have no employees of their own, but are instead controlled by "Resurgent Capital

---

[1] Much of the information concerning the structure of the Resurgent Companies set forth herein is based upon public record, as well as an enforcement action brought by the Maryland Commissioner of Financial Regulation, and *LVNV Funding LLC v. Finch*, 463 Md. 586, 591, 207 A.3d 202, 205 (2019).

Services." Faliero is also the President and CEO of Resurgent.

33.     LVNV has no employees.

34.     LVNV has no collection agreements.

35.     Instead, employees of Resurgent act as unpaid "representatives" of LVNV and many of the other shell companies through what the employees believe is a "limited power of attorney."

36.     These "representatives" are often unaware of whether at a given time they are acting as an employee of Resurgent, a representative of one of the shell companies, or both.

37.     Through the shell companies, Resurgent "purchases" large portfolios of consumer debt for pennies on the dollar, and at the exact same time that the portfolios are purchased, the shell companies literally simultaneously "sell" the portfolios to each other using a bogus document entitled a "Declaration of Transfer and Assignment" (the "Declarations.")

38.     The Declarations appear at first glance to be legitimately hand-signed documents, purportedly transferring the ownership of subject accounts between the shell companies. However, the Declarations are neither signed, nor legitimate. Instead, they are a sham.

39.    Indeed, both the "signature" and "signature block" of Jon Mazzoli (listed as a "Director" of Sherman Originator III, LLC) are clearly lifted from a single Declaration, and then cut-and-pasted onto thousands of other Declarations, the only difference being the alleged date the Declaration was purportedly signed by Mr. Mazzoli.  Below is a single example take from the hundreds of sham Declarations:



40.    Both the "signature" and "signature block" of Jackson Walker (listed as an "Authorized Representative" of Sherman Originator) are clearly lifted from a single Declaration, and then cut-and-pasted onto thousands of other Declarations, the only difference being the alleged date the Declaration was purportedly signed by Mr. Walker.  Below is a single example take from the hundreds of sham Declarations:

COMPLAINT AND
DEMAND FOR JURY TRIAL

41.    Both the "signature" and "signature block" of Daniel Picciano (listed as an "Authorized Representative" of Sherman Originator) are clearly lifted from a single Declaration, and then cut-and-pasted onto thousands of other Declarations, the only difference being the alleged date the Declaration was purportedly signed by Mr. Picciano.  Below is a single example take from the hundreds of sham Declarations:

Dated: December 18, 2019     LVNV Funding LLC
a Delaware Limited Liability Company

By: _Daniel Picciano_
Name: Daniel Picciano
Title:  Authorized Representative

Dated: May 14, 2021     LVNV Funding LLC
a Delaware Limited Liability Company

By: _Daniel Picciano_
Name: Daniel Picciano
Title:  Authorized Representative

42.    Both the "signature" and "signature block" of Kevin Branigan (listed as an "Authorized Representative" of Sherman Originator) are clearly lifted from a single Declaration, and then cut-and-pasted onto thousands of other Declarations, the only difference being the alleged date the Declaration was purportedly signed by Mr. Branigan.  Below is a single example take from the hundreds of sham Declarations:

Dated: June 15, 2018     Sherman Originator LLC
a Delaware Limited Liability Company

By: _Kevin Branigan_
Name: Kevin Branigan
Title:  Authorized Representative

Dated: December 18, 2018     Sherman Originator LLC
a Delaware Limited Liability Company

By: _Kevin Branigan_
Name: Kevin Branigan
Title:  Authorized Representative

43.    Both the "signature" and "signature block" of Rusty Kendall (listed as an "Authorized Representative" of LVNV) are clearly lifted from a single Declaration, and then cut-and-pasted onto thousands of other Declarations, the only difference being the alleged date the Declaration was purportedly signed by Mr. Kendall.  Below is a single example take from the hundreds of sham Declarations:

COMPLAINT AND
DEMAND FOR JURY TRIAL

Dated: **August 20, 2018**    LVNV Funding LLC
a Delaware Limited Liability Company

By: _____
Name: Rusty Kendall
Title: Authorized Representative

Dated: **December 06, 2018**    LVNV Funding LLC
a Delaware Limited Liability Company

By: _____
Name: Rusty Kendall
Title: Authorized Representative

44.    Over at least the past six (6) years, LVNV and the other shell companies have flooded state courts across the country, including this court, with hundreds of thousands of lawsuits claiming consumers owe them money based on these bogus Declarations. These Declarations are set forth in the complaints against theses consumers as alleged "proof" of LVNV's "chain of title." These Declarations also served as the basis for LVNV to demand payment via letter, from hundreds of thousands of consumers, including Plaintiff.

45.    Indeed, here, LVNV's purported right to demand payment from Plaintiff is based only on one of the sham Declarations. No independent right to payment is even claimed by LVNV.

46.    Plaintiff is a victim of LVNV's illegal conduct.

47.    LVNV alleges Plaintiff owes a debt to LVNV for a personal Synchrony Bank account.

48.    Plaintiff retained counsel to assist Plaintiff with the Synchrony Bank debt.

49.    On July 17, 2023, and August 17, 2023, Plaintiff's counsel notified Synchrony Bank of its representation of Plaintiff concerning the alleged debt and

COMPLAINT AND
DEMAND FOR JURY TRIAL

demanded that all further direct communications with Plaintiff concerning the alleged debt cease ("the Letters of Representation").

50.     The Letters of Representation set forth Plaintiff's attorneys' name and address.

51.     In fact, Synchrony Bank acknowledged the Letters of Representation and began communicating with Plaintiff's attorneys.

52.     LVNV asserts Synchrony Bank transferred and/or assigned the alleged debt to LVNV for purposes of collection.

53.     It is standard practice in the accounts receivable management industry, when debts are sold and/or assigned to downstream entities, including debt collectors, for such debts to be identified as subject to attorney representation letters and/or cease and desist letters.

54.     Also, it is standard practice in the accounts receivable management industry, when debts are sold and/or assigned in bulk portfolios to downstream entities, including debt collectors, for such portfolios to be identified, either explicitly, or through an indicator in the portfolio's file name, that such accounts are subject to attorney representation letters and/or cease and desist letters.

55.     Further, it is in the interest of public policy when debts are transferred and/or assigned to downstream entities, including debt collectors, for all information to be transferred, including Letters of Representation.

56.   LVNV was notified by Synchrony Bank of Plaintiff's attorneys' representation in the sale file(s) or the sale file name included a notation which informed LVNV that the portfolio was a portfolio of accounts of consumer who were represented by counsel.

57.   LVNV was notified by Synchrony Bank of the Letters of Representation in the account level documentation.

58.   LVNV was notified by Synchrony Bank of the cease and desist in the sale file(s) or the sale file name included a notation which informed LVNV that the portfolio was a portfolio of accounts that previously provided a cease and desist from further direct communication with the consumer.

59.   When a consumer's account is sold in a **true sale** the purchaser would receive the entire file and account history from the seller for the account.

60.   The legal standard for a true sale is governed by both federal and state law.

61.   Additionally, the criteria for a true sale under U.S. GAAP would include: i) legal isolation of the transferred assets, which places the assets beyond the reach of the transferor's creditors or a bankruptcy trustee for the transferor, ii) the transferee's right to freely pledge or exchange the transferred assets, and iii) the transferor's relinquishment of effective control of the transferred assets.

62.   Conversely, the transaction would likely not be a true sale if it includes

certain indicia of retained ownership, such as: i) the receipt by the seller of certain servicing fees in connection with the disposed assets, ii) the right of the seller to repurchase the disposed assets, iii) the right of the seller to share in the profits or revenue generated by the disposed assets, or iv) the right of the seller to terminate the sale transaction.

63.     LVNV asserts it is the current creditor of the alleged debt, therefore, LVNV would have received all material information and documentation regarding the account, including the Letters of Representation.

64.     However, Synchrony Bank has the right to recall or repurchase Synchrony Bank accounts from the debt collectors it transfers and/or assigns Synchrony Bank accounts to.

65.     Sometime thereafter, LVNV, likely through its master servicer Resurgent Capital Services LP, transferred, placed, and/or assigned the alleged debt with Financial Recovery for purposes of collection on behalf of LVNV.

66.     Nevertheless, as part of its utilization of Financial Recovery, LVNV or its servicer conveyed information concerning Plaintiff and the alleged debt to its debt collector agent by electronic means.

67.     The information conveyed by LVNV to Financial Recovery, which upon information and belief, was viewed by employees of Financial Recovery, contained Plaintiff's personal and private information including personal identifying data, such

as Plaintiff's name, address, social security number, date of birth, information regarding the alleged debt, among other things.

68. Despite the Letters of Representation, in an attempt to collect the alleged debt, Financial Recovery sent Plaintiff a letter on behalf of LVNV, dated June 27, 2024 (the "June Letter") directly to Plaintiff.

69. The June Letter was received and read by Plaintiff.

70. Plaintiff's attorney did not consent to Defendants direct communication with Plaintiff.

71. Defendants did not send the June Letter to Plaintiff's attorney.

72. Defendants did not send any letters concerning the alleged debt to Plaintiff's attorney.

73. Defendants did not attempt to communicate at all with Plaintiff's attorneys concerning the alleged debt.

74. Financial Recovery was notified of Plaintiff's attorneys' representation in the Letters of Representation when LVNV transferred, assigned, or otherwise placed the alleged debt for the purposes of collection.

75. Financial Recovery had actual notice of the Letters of Representation either from the placement file or through a client portal provided by LVNV or Resurgent Capital Services LP to Financial Recovery, which contains account level documentation such as account statements for Plaintiff and notices of attorney

representation.

76. In fact, LVNV has a pattern and practice of communicating with consumers after receiving attorney representation letters and/or cease and desist letters.

77. In fact, LVNV has a pattern and practice of communicating with consumers after receiving notice of consumers' attorneys' representation.

78. In fact, LVNV has a pattern and practice of communicating with consumers after receiving notice of consumers' attorneys' information.

79. In support of the foregoing, and by way of example only, consumers in other lawsuits have alleged substantially the same conduct as alleged herein against LVNV:

- *Floyd v. LVNV Funding, LLC,* 2:24-cv-00047-LGW-BWC (S.D. Ga.),

- *Bare v. LVNV Funding, LLC*, 1:23-CV-01461-RGA (D. Del.),

- *Carr v. LVNV Funding, LLC*, 1:23-cv-01476-UNA (D. Del.),

- *Coon v. LVNV Funding, LLC, et al.*, 1:23-cv-00608-GBW (D. Del.),

- *Miner v. LVNV Funding, LLC*, 1:24-cv-364-UNA (D. Del.),

- *Roe v. LVNV Funding, LLC*, 1:24-cv-00611-RGA (D. Del.),

- *Meyers v. LVNV Funding, LLC, et al.*, 4:23-cv-00833-RLW (E.D. Mo.),

- *Roe v. LVNV Funding, LLC, et al.*, 4:23-cv-00863-SRW (E.D. Mo.),

- 15 -

- *Zamora v. LVNV Funding, LLC, et al.*, 4:23-cv-00907-SPM (E.D. Mo.),

- *McCarthy v. LVNV Funding, LLC, et al.*, 4:23-cv-00905-SPM (E.D. Mo.),

- *Amy v. LVNV Funding, LLC, et al.*, 4:23-cv-00903-JMB (E.D. Mo.),

- *Vanourney v. LVNV Funding, LLC, et al.*, 4:23-cv-00902-HEA (E.D. Mo.),

- *Guyer v. LVNV Funding, LLC, et al.*,  4:23-cv-00906-AGF (E.D. Mo.),

- *Whitham v. LVNV Funding, LLC, et al.*, 4:23-cv-00732-MTS (E.D. Mo.),

- *Verrett v. LVNV Funding, LLC, et al.*, 4:23-cv-00726-JMB (E.D. Mo.), and

- *Armenio v. LVNV Funding, LLC, et al.*, 4:23-cv-01639-HSG (N.D. Ca.).

80.     The June Letter was the initial written communication from Financial Recovery regarding the alleged debt.

81.     The June Letter stated, or otherwise implied, that Plaintiff no longer owed money to Synchrony Bank but not owed money to LVNV.

82.     However, Plaintiff was never involved in any transaction with LVNV for $1,905.09 and never entered into any contract with LVNV for the payment of $1,905.09.  Plaintiff was never indebted to LVNV, and was never indebted to LVNV for $1,905.09.  LVNV never extended credit to Plaintiff for $1,905.09.   LVNV does not possess competent proof that Plaintiff owes $1,905.09 to LVNV.

83.     LVNV holds no legal right, title, or interest in $1,905.09 owed by Plaintiff.

84.     Financial Recovery holds no legal right, title, or interest to demand

COMPLAINT AND
DEMAND FOR JURY TRIAL

payment of $1,905.09 from Plaintiff on behalf of LVNV.

85.   Despite the foregoing, LVNV and Resurgent began reporting the alleged debt to one or more credit reporting agencies.

86.   LVNV and Resurgent's credit reporting negatively impacted Plaintiff's credit.

87.   LVNV and Resurgent's credit reporting negatively impacted Plaintiff's creditworthiness.

88.   LVNV and Resurgent's credit reporting was viewed by third parties.

89.   LVNV and Resurgent's credit reporting failed to state that the alleged debt was disputed.

90.   Plaintiff suffered harm related directly to LVNV and Resurgent's conduct.

91.   The June Letter provided a deadline of August 6, 2024 for Plaintiff to dispute the alleged debt and/or request verification of the alleged debt, among other things.

92.   The June Letter states to call or write to Financial Recovery by August 6, 2024 to dispute the alleged debt and/or request verification of the alleged debt.

93.   In addition, the June Letter provides a website to dispute the alleged debt.

94.   The June Letter provides an address for Financial Recovery in Eagan,

Minnesota, Central Time Zone.

95.   Further, the June Letter provides hours of operation in Central Time Zone.

96.   On Tuesday, August 6, 2024, based upon the website, Financial Recovery was open until 5 p.m. Central Time Zone.

97.   Plaintiff became confused as to the deadline to dispute the alleged debt and/or request verification of the alleged debt.

98.   Plaintiff did not know and could not discern from the June Letter, because the June Letter was completely silent, whether the deadline to dispute the alleged debt and/or request verification of the alleged was 5 p.m. Central Time Zone or a later time in Pacific Time Zone, Plaintiff's time zone.

99.   Then, the June Letter stated, "Contact us about your payment options."

100.   The June Letter is misleading because the least sophisticated consumer would be left unsure as to the effects of contacting Financial Recovery during the dispute and validation period.

101.   The June Letter is deceiving because the least sophisticated consumer would be left unsure as to the effects of contacting Financial Recovery during the dispute and validation period.

102.   The June Letter is misleading because the least sophisticated consumer would be left unsure if calling Financial Recovery would be sufficient to dispute the

alleged debt to receive validation of the alleged debt.

103.   The June Letter is deceiving because the least sophisticated consumer would be left unsure if calling Financial Recovery would be sufficient to dispute the alleged debt to receive validation of the alleged debt.

104.   The June Letter does not contain any disclaimer about the debt validation rights in relation to the invitation to calling Financial Recovery and does not explain whether calling Financial Recovery would suffice as a written validation request under the FDCPA.

The June Letter stated, "You may request records showing the following: (1) that LVNV Funding LLC has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt."

105.   Underneath the foregoing, it stated, "A request for these records may be addressed to: Financial Recovery Services, Inc., PO Box 21405, Eagan, MN 55121."

106.   However, pursuant to Cal. Civ. Code § 1788.52 a debt buyer shall

include with its first written communication with the debtor in no small than 12-point type, a separate **prominent** notice that provides:

"You may request records showing the following:

(1) that [**insert name of debt buyer**] has the right to seek collection of the debt;

(2) the debt balance, including an explanation of any interest charges and additional fees;

(3) the date of default or the date of the last payment;

(4) the name of the charge-off creditor and the account number associated with the debt;

(5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and

(6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt.

A request for these records may be addressed to: [**insert debt buyer's active mailing address and email address, if applicable**]." Emphasis added. Cal. Civ. Code § 1788.52(d).

107.   The Merriam-Webster dictionary defines "prominent" as: 1) standing out or projecting beyond a surface or line, and 2) readily noticeable.

108.   Providing the Cal. Civ. Code § 1788.52(d) notice away from where Financial Recovery was demanding payment with no reference to draw Plaintiff's attention to the Cal. Civ. Code § 1788.52(d) notice violates the statute's requirement for the notice to be "prominent," or in other words "standing out" or "readily

noticeable."

109. Further, stating, "You may request records showing the following: (1) that **LVNV Funding LLC** has the right to seek collection of the debt. . .," then stating, "A request for these records may be addressed to: **Financial Recovery Services, Inc.**," is contradictory to the requirement provided in Cal. Civ. Code § 1788.52(d).

110. The June Letter stating on one hand that Plaintiff may request records showing that LVNV has the right to seek collection of the alleged debt, but then informing Plaintiff to send the request to Financial Recovery, is inconsistent with Cal. Civ. Code § 1788.52(d).

111. On one hand, Financial Recovery is stating it is a debt collector for LVNV, but then on the other hand, Financial Recovery is acting as an agent of LVNV.

112. On one hand, Financial Recovery is stating it is a debt collector for LVNV, but then on the other hand, Financial Recovery is acting as a quasi-debt buyer.

113. Consumers, like the Plaintiff, have a right to truthful, clear, and accurate communications from debt collectors.

114. LVNV is liable for the actions and inactions of the debt collectors it retains.

115. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

116. Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

117. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debt and other alleged debts.

118. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff further unwarranted economic harm.

119. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

120. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued.

121. Plaintiff has the right to live without being subject to false claims from Defendants. Plaintiff has the right to be free from invasions into her privacy and

intrusions upon her solitude and seclusion. Plaintiff has the right to be free from harassing, annoying, oppressive, and abusive conduct. Defendants infringed upon Plaintiff's rights, causing her concern, worry, loss of time, emotional distress, and economic harm.

122.   A favorable decision herein would serve to deter Defendants from further similar conduct.

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692c(b) and 1692f

123.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

124.   The Plaintiff is a "consumer" as that term defined by the FDCPA.

125.   LVNV is a "debt collector" as that term is defined by the FDCPA.

126.   The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

127.   The June Letter is a "communication" as that term is defined by the FDCPA.

128.   The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

COMPLAINT AND
DEMAND FOR JURY TRIAL

129.   15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

130.   The third-party debt collector does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

131.   LVNV's conveyance of Plaintiff's personal and private information to Financial Recovery is a "communication" as that term is defined by the FDCPA.

132.   Plaintiff never consented to LVNV's communication with the third-party debt collector concerning the alleged debt.

133.   Plaintiff never consented to LVNV's communication with Financial Recovery, a third-party, concerning the alleged debt.

134.   Plaintiff never consented to LVNV's communication with the third-party debt collector, Financial Recovery, concerning Plaintiff's personal and/or confidential information.

135.   In fact, Plaintiff never consented to LVNV's communication with anyone concerning the alleged debt or concerning Plaintiff's personal and/or confidential information.

136.   Upon information and belief, LVNV has utilized third-party debt collectors for these purposes thousands of times.

137.   LVNV utilizes third-party debt collectors in this regard for the sole purpose of maximizing its profits.

138.   LVNV utilizes third-party debt collectors without regard to the propriety and privacy of the information which it discloses to such third-party.

139.   LVNV utilizes third-party debt collectors with reckless disregard for the harm to Plaintiff and other consumers that could result from LVNV's unauthorized disclosure of such private and sensitive information.

140.   In fact, debt collectors have been the subject of data breaches, exposing consumer names, dates of birth, Social Security numbers, and account information.

141.   Millions of consumers, including consumers in the State of California, have been the victims of data breaches stemming from the reckless and unauthorized transferring and sharing of consumers' information by companies, including debt collectors.

142.   In fact, FBCS, Inc. was one of the latest data breaches, exposing personal data of over 4 million consumers[2].

143.   In fact, prior to the data breach, LVNV transferred consumers' personal and private information to FBCS, Inc. in LVNV's use of FBCS, Inc. as a third-party debt collector.

---

[2] https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/186129d3-f965-48f0-a48d-fbdfc6b74b02.html

144. LVNV utilizes third-party debt collectors with reckless disregard for Plaintiff's right to privacy.

145. LVNV utilizes third-party debt collectors with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

146. LVNV violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to the third-party debt collector, Financial Recovery.

147. LVNV violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to the Resurgent Companies and/or affiliates.

148. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

149. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

150. LVNV disclosed Plaintiff's private and sensitive information to the third-party debt collector, Financial Recovery.

151. LVNV disclosed Plaintiff's private and sensitive information to the Resurgent Companies and/or affiliates.

152. LVNV violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party debt collector, Financial Recovery.

153. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during

COMPLAINT AND
DEMAND FOR JURY TRIAL

the debt collection process were inadequate to protect consumers. 15 U.S.C. § 1692(a)-(b).

154. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties. See S. Rep. No. 95-382, at 4 (1977) reprinted in U.S.C.C.A.N. 1695, 1698.

155. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

156. A violation of Section 1692c(b) is an invasion of privacy.

157. As described herein, LVNV violated Section 1692c(b).

158. As described herein, LVNV invaded Plaintiff's privacy.

159. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

160. A violation of Section 1692c(b) is a public disclosure of private facts.

161. As described herein, LVNV violated Section 1692c(b).

162. As described herein, LVNV publicly disclosed Plaintiff's private facts.

163. For the foregoing reasons, LVNV violated 15 U.S.C. §§ 1692c(b) and 1692f and are liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2)

164. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

165. The Plaintiff is a "consumer" as that term defined by the FDCPA.

166. LVNV is a "debt collector" as that term is defined by the FDCPA.

167. Financial Recovery is a "debt collector" as that term is defined by the FDCPA.

168. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

169. The June Letter is a "communication" as that term is defined by the FDCPA.

170. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

171. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

172.   As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

173.   To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

174.   A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

175.   As previously stated, Plaintiff did not owe the amount Defendants allege is owed to LVNV by Plaintiff.

176.   As such, Defendants did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

177.   Defendants' statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

178.   As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

179.   To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

180.   A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

181.   As set forth above, Plaintiff did not owe money to LVNV.

182.   As such, Defendants did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

183.   Defendants' statement that LVNV was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to LVNV, violates 15 U.S.C. § 1692g(a)(2).

184.   For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2), and are liable to Plaintiff therefor.

## THIRD COUNT
## Violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10)

185.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

186.   The Plaintiff is a "consumer" as that term defined by the FDCPA.

187.   LVNV is a "debt collector" as that term is defined by the FDCPA.

188.   Financial Recovery is a "debt collector" as that term is defined by the FDCPA.

189.   The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

190.   The June Letter is a "communication" as that term is defined by the FDCPA.

COMPLAINT AND
DEMAND FOR JURY TRIAL

191.   The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

192.   15 U.S.C. § 1692d provides, generally, that a debt collector may not engage in conduct the natural consequence of which is to harass, abuse, and/or oppress.

193.   15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

194.   15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

195.   15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

196.   An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

197.   An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692e(10).

198.   As previously stated in this Complaint, Plaintiff did not owe the amount Defendants alleged is owed to LVNV by Plaintiff.

199.   Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, amounts to conduct the natural consequence of which is to harass, abuse, and/or oppress in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692d.

200.   Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

201.   Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, is a false representation of the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).

202.   Defendants' contention that Plaintiff owed the alleged debt to LVNV, when Plaintiff did not owe the alleged debt to LVNV, is a false representation or deceptive means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692e(10)

203.   For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692e(10) and are liable to Plaintiff therefor.

## **FOURTH COUNT**
## **Violation of 15 U.S.C. §§ 1692c(a)(2) and 1692c(c)**

204.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

205.   The Plaintiff is a "consumer" as that term defined by the FDCPA.

206.   LVNV is a "debt collector" as that term is defined by the FDCPA.

207.   Financial Recovery is a "debt collector" as that term is defined by the FDCPA.

208.   The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

209.   The June Letter is a "communication" as that term is defined by the FDCPA.

210.   The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

211.   15 U.S.C. § 1692c(a)(2), titled "Communication with the Consumer Generally," prohibits a debt collector from communicating with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to

- 33 -

respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

212. As described herein, LVNV violated 15 U.S.C. § 1692c(a)(2).

213. A violation of 15 U.S.C. § 1692c(a)(2) has a close relationship to an invasion of privacy.

214. A violation of Section 15 U.S.C. § 1692c(a)(2) is an invasion of privacy.

215. Defendants invaded Plaintiff's privacy.

216. 15 U.S.C. § 1692c(c), titled "Ceasing Communication," prohibits a debt collector, subject to certain exceptions not relevant here, from communicating with a consumer in connection with the collection of any debt "[i]f a consumer notifies a debt collector in writing . . . that the consumer wishes the debt collector to cease further communication with the consumer."

217. 15 U.S.C. § 1692c(c) further states, "[i]f such notice from the consumer is made by mail, notification shall be complete upon receipt."

218. As described herein, Defendants violated 15 U.S.C. § 1692c(c).

219. A violation of 15 U.S.C. § 1692c(c) has a close relationship to an intrusion upon the rights to solitude and seclusion.

220. A violation of 15 U.S.C. § 1692c(c) is an intrusion upon the rights to solitude and seclusion.

221. Defendants intruded upon Plaintiff's rights to solitude and seclusion.

222. A violation of 15 U.S.C. § 1692c(c) also has a close relationship to interference with the attorney-client relationship.

223. A violation of Section 1692c(c) is an interference with the attorney-client relationship.

224. Defendants interfered with Plaintiff's and her attorney's attorney-client relationship.

225. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692c(a)(2) and 1692c(c) and are liable to Plaintiff therefor.

## FIFTH COUNT
### Violation of 15 U.S.C. §§ 1692d, 1692e, and 1692f

226. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

227. The Plaintiff is a "consumer" as that term defined by the FDCPA.

228. LVNV is a "debt collector" as that term is defined by the FDCPA.

229. Financial Recovery is a "debt collector" as that term is defined by the FDCPA.

230. The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

231. The June Letter is a "communication" as that term is defined by the

FDCPA.

232. The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

233. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

234. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

235. The June Letter violated §§ 1692e and 1692f by failing to provide clear deadlines for Plaintiff to dispute the alleged debt and/or request verification of the alleged debt.

236. The June Letter violated §§ 1692e and 1692f because the letter provided unclear and vague deadlines.

237. The June Letter violated §§ 1692e and 1692f by providing contradictory deadlines for Plaintiff to dispute the alleged debt and/or request verification of the alleged debt.

238. The June Letter violated §§ 1692e and 1692f because Plaintiff did not know and could not discern from the June Letter, because the June Letter was completely silent, whether the deadline to dispute the alleged debt and/or request

verification of the alleged was 5 p.m. Central Time Zone, Financial Recovery's Time Zone; or a later time in Pacific Time Zone, Plaintiff's time zone.

239. The June Letter violated §§ 1692e and 1692f because the letter enticed Plaintiff to contact Financial Recovery but failed to inform Plaintiff as to the effects of contacting Financial Recovery during the dispute and validation period.

240. The June Letter violated §§ 1692e and 1692f because the letter left Plaintiff unsure if calling Financial Recovery would be sufficient to dispute the alleged debt to receive validation of the alleged debt.

241. The June Letter violated §§ 1692e and 1692f because the letter does not contain any disclaimer about the debt validation rights in relation to the invitation to calling Financial Recovery and does not explain whether calling Financial Recovery would suffice as a written validation request under the FDCPA.

242. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692d, 1692e, and 1692f, and are liable to Plaintiff therefor.

## SIXTH COUNT
## Violation of 15 U.S.C. § 1692e(8)

243. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

244. The Plaintiff is a "consumer" as that term defined by the FDCPA.

245. LVNV is a "debt collector" as that term is defined by the FDCPA.

246.   The money sought from Plaintiff is a "debt" as that term is defined by the FDCPA.

247.   Each report to a credit reporting agency is a "communication" as that term is defined by the FDCPA.

248.   The actions described herein constitute "an attempt to collect a debt" or "were taken in connection with an attempt to collect a debt" within the meaning of the FDCPA.

249.   15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

250.   LVNV violated the FDCPA by reporting the alleged debt to one or more credit reporting agencies when Plaintiff did not owe LVNV the money they were attempting to collect.

251.   LVNV violated the FDCPA by reporting the alleged debt to one or more credit reporting agencies and failed to communicate that the alleged debt was disputed.

252.   For the foregoing reasons, LVNV violated 15 U.S.C. § 1692e(8), and is liable to Plaintiff therefor.

## SEVENTH COUNT
## Violation of Cal. Civ. Code § 1788.13(k)

253. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

254. Cal. Civ. Code § 1788.13(k) prohibits debt collectors from the false representation that the consumer debt has been, is about to be, or will be sold, assigned, or referred to a debt collector for collection.

255. The June Letter stated, in the relevant part, that the alleged debt was sold to LVNV.

256. Financial Recovery's representation that the debt was sold to LVNV is a legal conclusion.

257. Financial Recovery does not review the underlying sale documents prior to sending letters to consumers.

258. Financial Recovery does not investigate whether LVNV is in fact the current creditor of the alleged debt.

259. Financial Recovery does not investigate whether the transaction between the original creditor and LVNV was in fact a true sale.

260. Financial Recovery's intentional or negligent conduct of falsely representing that LVNV is the current creditor of the debt, caused Plaintiff confusion,

anxiety, worry, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time, in violation of Cal. Civ. Code § 1788.13(k).

261.   Financial Recovery's false representation that the debt has been, is about to be, or will be sold, assigned, or referred to a debt collector for collection, violates Cal. Civ. Code § 1788.13(k).

262.   For the foregoing reasons, Defendants violated Cal. Civ. Code § 1788.13(k), and are liable to Plaintiff therefor.

## EIGHTH COUNT
## Violation of Cal. Civ. Code § 1788.14(c)

263.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

264.   Cal. Civ. Code § 1788.14(c) prohibits debt collectors from initiating communications with a consumer when the debt collector has been previously notified in writing by the consumer's attorney that the consumer is represented by the attorney with respect to the debt and the notice includes the attorney's name and address and a request by the attorney that all communications regarding the debt be addressed to the attorney.

265.   Defendants knew Plaintiff was represented by counsel when Financial Recovery sent the June Letter directly to Plaintiff in an attempt to collect the alleged debt.

- 40 -

266.   Defendants' communication with Plaintiff directly when Defendants knew Plaintiff was represented by counsel, violates Cal. Civ. Code § 1788.14(c).

267.   For the foregoing reasons, Defendants violated Cal. Civ. Code § 1788.14(c), and are liable to Plaintiff therefor.

**NINTH COUNT**
**Violation of Cal. Civ. Code § 1788.17**

268.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

269.   Cal. Civ. Code § 1788.17 provides that a violation of the FDCPA is also a violation of the RFDCPA.

270.   Defendants' conduct described herein violates the FDCPA, thus violating Cal. Civ. Code § 1788.17, making Defendants liable to Plaintiff therefor.

**TENTH COUNT**
**Violation of Cal. Civ. Code § 1788.52**

271.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

272.   Cal. Civ. Code § 1788.52 provides that a debt buyer must include certain notice in its first written communication with a debtor.

273.   Here, as stated in this Complaint, Financial Recovery provided a notice on behalf of LVNV that was inconsistent with  Cal. Civ. Code § 1788.52.

274. The June Letter was false, misleading, and/or deceptive making it impossible for Plaintiff to decipher whether LVNV and Financial Recovery were one in the same.

275. The June Letter was false, misleading, and/or deceptive making it impossible for Plaintiff to decipher whether Financial Recovery was acting as a quasi-debt buyer for Plaintiff's account.

276. The June Letter was false, misleading, and/or deceptive making it impossible for Plaintiff to decipher whether sending a request to Financial Recovery would be sufficient pursuant to Cal. Civ. Code § 1788.52(d).

277. The June Letter provided false, misleading and/or deceptive information regarding Plaintiff's rights under the law.

278. Defendants provide false, misleading and/or deceptive communications, like the one sent to Plaintiff, to thousands of consumers across the country, including consumers in the State of California.

279. Defendants' conduct described herein violates Cal. Civ. Code § 1788.52, making LVNV liable to Plaintiff therefor.

## **JURY DEMAND**

280. Plaintiff hereby demands a trial of this action by jury.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendants' actions violate the FDCPA, RFDCPA, and Cal. Civ. Code ; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding damages to Plaintiff pursuant to Cal. Civ. Code § 1788.30(b); and

e. Awarding Plaintiff's attorneys' fees pursuant to Cal. Civ. Code § 1788.30(c); and

f. Awarding damages to Plaintiff pursuant to Cal. Civ. Code § 1788.62(a); and

g. Awarding Plaintiff's attorneys' fees pursuant to Cal. Civ. Code § 1788.62(c); and

h. Awarding Plaintiff punitive damages to be determined at trial, for the sake of example and punishing defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294; and

i. Awarding the costs of this action to Plaintiff; and

j. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

k. Such other and further relief that the Court determines is just and proper.

DATED: December 30, 2024

Respectfully submitted,

*/s/: Ely Grinvald, Esq.*
Ely Grinvald, Esq.
2355 Westwood Blvd., #562
Los Angeles, CA 90064
Phone: (213) 616-8172
grinvaldely@gmail.com

*Attorney for Plaintiff*
*Tina Martinez*